**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-CV-60095**

DOUGLAS WILLIAMS and
CHERYL WILLIAMS,

        Plaintiffs,

  vs.

NEWREZ, LLC d/b/a SHELLPOINT
MORTGAGE SERVICING

        Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, DOUGLAS WILLIAMS and CHERLY WILLIAMS (hereinafter "Plaintiffs" or

the "Williams"), hereby file their Complaint against Defendant, NEWREZ, LLC d/b/a

SHELLPOINT MORTGAGE SERVICING ("Defendant" or "NewRez"), and allege:

**INTRODUCTION**

1.      This is an action brought by consumers for Defendant's violation of the Real Estate

Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing

regulations.

2.      The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory

agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB

periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024,

RESPA, and the respective implementing regulations.

3.      Specifically, Plaintiffs seek the remedies as provided in RESPA for the Defendant's

failure to comply with Section 2605(k) of RESPA, Section 1024.35 and 1024.41 of Regulation X.

4.      All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6.     Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7.     Venue in this District is proper because Plaintiffs reside in Broward County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8.     At all times material hereto, Defendant NewRez was and is a Pennsylvania limited liability company with its principal place of business at 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462. Defendant NewRez is duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9.     At all times material hereto, Defendant NewRez is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiffs' residential property, located at 1290 NW 32nd Avenue in Fort Lauderdale, Florida (the "Subject Property").

10.     At all times material hereto, Plaintiffs owned and continue to own the subject property, which is located in Broward County, Florida.

11.     The Subject Property is a residential single-family home structure.

12.     At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

13.     The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as account number ******0605.

## BACKGROUND AND GENERAL ALLEGATIONS

14.     On or about December 12, 2007, Plaintiffs entered into a promissory note agreement with GMAC Mortgage (the "Note") for what they intended to be their primary residence. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

15.     Plaintiffs submitted a loss mitigation application ("LMP") to their then-servicer, Mr. Cooper on or about September 26, 2019.

16.     On or about October 1, 2019, Mr. Cooper sent a notification to Plaintiffs advising that their LMP appeared "to be complete as of 9/30/2019". *See* **Exhibit "A"**.

17.     Shortly after receiving the October 1, 2019 acknowledgement of the LMP, Plaintiffs were advised that Defendant was taking over servicing of the loan effective October 4, 2019.

18.     12 C.F.R. §1024.41(k)(1)(i) provides, in pertinent part, that if a transferee servicer acquires the servicing of a mortgage loan for which a loss mitigation application is pending as of the transfer date, the transferee servicer must comply with the requirements of this section for that loss mitigation application within the timeframes that were applicable to the transferor servicer based on the date the transferor servicer received the loss mitigation application.

19.     Additionally, 12 C.F.R. §1024.41(k)(3) provides that if a transferee servicer acquires the servicing of a mortgage loan for which a complete loss mitigation application is

pending as of the transfer date, the transferee servicer must comply with the applicable requirements of paragraph (c)(1) and (4) of this section within 30 days of the transfer date.

20.     Pursuant to 12 C.F.R. §1024.41(c)(1)(ii), Defendant was required to send a written response to the LMP indicating its determination of which loss mitigation options, if any, Defendant would offer Plaintiffs. Defendant failed to do so, necessitating the transmittal of a Notice of Error on November 15, 2019 (the "NOE"), a copy of which is attached hereto as **Exhibit "B"**.

21.     On December 10, 2019, Defendant responded to the NOE, indicating that the LMP did ***not*** transfer from Mr. Cooper to Defendant, despite the requirements of 12 C.F.R. §1024.41(k)(1)(i) and 12 C.F.R. §1024.41(k)(3). *See* **Exhibit "C"**.

22.     To date, Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, will be offered to Plaintiffs.

23.     Plaintiffs retained Loan Lawyers, LLC ("Loan Lawyers") as counsel and Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as co-counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

## DAMAGES

24.     Plaintiffs have been injured and suffered actual damages by virtue of Defendant's repeated violations of those legal rights and protections which Congress provided to Plaintiffs and other consumers like them. The threshold of Defendant's violations stem from repeated failures to respond to the LMP submitted for Plaintiffs, despite written confirmation that the LMP was complete. Plaintiffs' injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiffs' procedural rights

under RESPA were violated by not providing a response to the LMP despite additional notice of same via the NOE.

25.     Plaintiffs are entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiffs' NOE; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to Plaintiffs' LMP, which includes the Notice of Error.

26.     Plaintiffs have also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiffs' concerns relating to the loan.

27.     Plaintiffs are entitled to statutory damages, the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

28.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 above.

29.     Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>         A servicer of a federally related mortgage shall not-
>                 …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

30.     Section 1024.35 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb.

14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 implements Section 6(k)(1)(C)).

31.    The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(C), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

32.    Defendant has failed to or refused to comply with 12 C.F.R. §1024.41(k)(1)(i) and (k)(3), thereby violating their obligation under 12 C.F.R. § 1024.41(c)(1) in that no written notice was provided to Plaintiffs within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, would be offered to Plaintiffs.

33.    As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

34.    As a result of the above violations, Plaintiffs are entitled to recovery for actual and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs DOUGLAS WILLIAMS and CHERYL WILLIAMS respectfully request that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c)  Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs DOUGLAS WILLIAMS and CHERYL WILLIAMS hereby demand a trial by jury of all issues so triable.

Dated this 15th day of January, 2020.

Respectfully Submitted,

**JENKINS LORENZO, LLC**
*Co-Counsel for Plaintiff*
18851 NE 29th Avenue, Ste. 700
Aventura, Florida 33180
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
      Chase E. Jenkins, Esq.
      Florida Bar No. 94261
      cjenkins@jenkinslorenzo.com
      Jorge "J.D." Lorenzo, Esq.
      Florida Bar No. 81702
      jlorenzo@jenkinslorenzo.com

       */s/ Laura Hoy Chebat*
      Laura Hoy Chebat, Esq.
      Florida Bar No. 59025
      LOAN LAWYERS, LLC
      *Co-Counsel for Plaintiff*
      3201 Griffin Road, Suite 100
      Fort Lauderdale, FL 33312
      Telephone: (954) 523-4357
      laura@fight13.com